FAULKNER, Justice
(dissenting).
I respectfully dissent.
In Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686, 309 So.2d 818 (1975), the Court held that summary judgment can only be proper where it is clear what the truth is; that the party moving for summary judgment must clearly establish that the other party could not recover under any discernible circumstances. And, in Folmar this Court considered the effects of the scintilla rule on a summary judgment.
Here the majority by reversing the Court of Civil Appeals are hanging their hats on the scintilla rule. But, they are stretching their hat bands to the outer limits. They say that evidence given by police officers investigating the death of Orton that it appeared that he died of a broken neck creates a scintilla. They hold this contrary to “what the truth is.” The medical evidence presented by Liberty National shows that death resulted from acute and chronic ethanolism with fatty change and cirrhosis of the liver. Other significant conditions were moderate atherosclerosis of the coronary arteries with focal ischemic mycardid fibrosis. The medical evidence also shows that Mr. Orton did not have a broken neck.
In my opinion summary judgment was proper. It is a waste of judicial time to send this case back for a trial. The truth of the matter is Orton died of natural causes— not from an accident.
EMBRY, J., concurs.